UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

RICHARD M. HARRIS,

    Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendant

Case No. 08-cv-113 EGS

**DEFENDANT JENSEN BARBER'S MOTION TO DISMISS**

Comes now Defendant, by and through undersigned counsel, and moves this Court, pursuant to Federal Rules Civil Procedure 12(b)(1), 12(b)(6) and 56, for an Order Dismissing the above captioned complaint with prejudice. In support of this Motion, Defendant respectfully refers this Court to the attached Memorandum of Points and Authorities.

Respectfully submitted,

  /S/ Curt S. Hansen
CURT S. HANSEN, D.C. Bar 414782
Hansen & Associates, P.C.
419 7th St., N.W., Suite 201
Washington, D.C. 20004
(202) 638-6700
(202) 638-4279 Fax

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| RICHARD M. HARRIS,<br>    Plaintiff,<br>vs.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>    Defendants | Case No.  08-cv-113 EGS |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Plaintiff in this matter is an inmate of the Pennsylvania State Correctional Institution Smithfield located in Huntingdon, PA. serving time on various Pennsylvania felony convictions after having served time on one or more Virginia felony convictions.  He has filed this federal civil complaint, alleging eight separate counts against over twenty individual defendants including the Department of Justice, the CIA, former Attorney General Albert Gonzalez and former Secretary of HUD, Jack Kemp.  The gravamen of Plaintiff's complaint is that all of these various parties engaged in a vast and unspecified civil conspiracy to deprive the Plaintiff of his civil rights; some or all of the defendants denied the Plaintiff due process; some or all of the defendants intentionally caused the Plaintiff emotional distress; some or all of the defendants invaded the Plaintiff's privacy; some or all of the defendants subjected the Plaintiff to cruel and unusual punishment; some or all of the defendants denied the Plaintiff access to courts; and the Defendant Barber committed legal malpractice.

Defendant Barber is an attorney licensed to practice law in the District of Columbia.  Barber admits that he was appointed to represent Harris before the grand jury in the investigation of a criminal matter, and that during the time Barber served as his attorney Harris refused to

testify before the grand jury. Defendant Barber however, categorically denies all of the factual allegations of the complaint which allege that he engaged in any wrongful conduct of any type or manner and denies that he participated in any conspiracy, whether led by the government or not, against the Plaintiff.

### 1. The Complaint Fails to State a Cause of Action

Because the complaint constitutes the ranting of this many-convicted felon without any factual basis, the complaint should be dismissed for failure to state a cause of action. The complaint banters plenty of accusations; however, such accusations are supported by no factual allegations with any specificity against this Defendant. It is so devoid of factual allegations that this Defendant cannot properly answer the charges. It alleges no overt act by Barber other than the fact that Barber represented the Plaintiff in front of the grand jury in 1998 or 1999.[1] Complaint at paragraph 43. The Plaintiff then alleges that Barber joined other individual defendants in a conspiracy against the Plaintiff in or around 1998. Complaint at paragraph 50. And committed unspecified overt acts in furtherance of the conspiracy to learn the details of the government investigation. Complaint at paragraphs 51 and 52, 64 and 65. Plaintiff, however, does not specify any act undertaken by Barber in furtherance of the conspiracy.

The Supreme Court has previously indicated that Federal Rule of Civil Procedure requires the defendant to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v.Sorema N.A.,* 534 U.S. 506**,** 122 S.Ct. 992**,** 998**,** 152 L.Ed.2d 1 (2002) . However, it does not allow any party to survive a motion to dismiss wherein the complaint is based on incredible allegations unsupported by facts or wherein the complaint is comprised of mere legal conclusions cast in the form of factual allegations. *See, Kowal v. MCI*

*Communications Corp.,* 16 F.3d 1271, 1275 (D.C. 1994); *cf.* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 1357, at 347-48 (2d ed. 1990) (explaining that Rule 12(b)(6) dismissal is appropriate where the allegations contradict the claim asserted, e.g., where the allegations in an action for negligence showed that the plaintiff's own negligence was the sole proximate cause of the injury).

  Paradoxically, Harris states in paragraph 43 of the complaint that Barber represented Harris before the grand jury when he was subpoenaed for the government in a federal investigation into murder for hire. Harris states that he refused to testify and that as a result he was held in contempt of court for refusing to testify in the Grand Jury. Harris then complains in paragraph 65 of the complaint that Barber joined in a conspiracy with the government and other individual defendants to deter Harris from testifying in connection with the government investigation. Thus Harris contends the government sought information from him but then conspired to prevent Harris from supply the information.[2] Harris also complains that Barber tried to find out what Harris would or could testify about and what information the government was seeking in its investigation. Complaint at paragraph 52.[3] Harris also alleges, without providing any factual foundation, that Barber supplied "other participants in the conspiracy with confidential and privileged attorney client information concerning the investigation and the Government's efforts to secure Harris's cooperation and testimony." Complaint at paragraph 65.[4] Harris does not allege what information Barber provided, when such information was provided,

---

[1] It is not clear from Plaintiff's complaint precisely when he appeared before the grand jury other than sometime in 1998 and/or 1999. But Plaintiff does indicated that he was held in contempt of court from January 1999 through May 2001. Complaint paragraph 45.
[2] Consistent with Harris' lack of factual specificity, Harris does not identify what information, if any he could have provided.
[3] Presumably, as Harris' appointed counsel, Barber would have a duty to try to ascertain both what his client would testify about and what the government hope to discover through their investigation. Even if Barber did advise Harris against testifying (which Barber denies), such advice is within the realm of appropriate legal advice and does not constitute malpractice absence a showing of something more.

or to whom such information was provided. Nevertheless, despite the fact that Barber allegedly provided his conspirators this information, Harris further alleges that he has been threatened as recently as 2007 by people seeking to obtain information about what Harris knew or could testify about.

Harris' conspiracy is thus akin to the mythical ouroboros, the snake which devours its own tail in an ever ending cycle of destruction and growth. In Harris' world, the government seeks information from Harris but then forms a conspiracy to keep Harris from providing such information. They threaten him if he does not testify and then threaten him again to ensure he does not testify. Any person who comes into contact with this all devouring beast gets sucked in and becomes a part of the conspiracy. The fact is that this "conspiracy" makes no sense. The foundation of this complaint cannot be sustained on the shifting sands of Harris's logic.

Harris does not allege any act by Barber other than the fact that Barber represented Harris before the grand jury. Harris does not contend that Barber prevented Harris from testifying before the grand jury. Nor does Harris allege that Barber even advised Harris not to testify before the Grand Jury. The fact is that Harris decided, presumably for the reasons stated in his complaint- to protect his family- not to cooperate with the grand jury. As a result, he did not receive the benefit of cooperation.[5] He now claims that his decision to not testify was the product of a vast conspiracy against him. He provides no facts to support this conclusion and provides no facts as to why it was not merely his decision not to cooperate which caused him his troubles. The Plaintiff has made numerous unsupported allegations that the different defendants knew one another and conspired with one another for reasons unknown to the detriment of the Plaintiff. But

---

[4] Barber of course denies this spurious accusation.
[5] Harris does not identify just what benefit he would have received, or what harm, other than a contempt citation he incurred as a result of his actions or inactions.

these unsupported and illogical allegations do not create a cause of action. The complaint should be dismissed under Rule 12.

### 2. Plaintiff has Waived his Right to Bring this Action Against Barber

Defendant also contends that the Plaintiff has previously given up his right to seek any damages against this particular Defendant, having previously released this Defendant from any and all damages and liability, claims and causes of actions then known or subsequently discovered.

This is not the first time this Plaintiff has sued this Defendant, Jensen Barber, in this Court. Harris sued Barber in 2002 in case number 1:02-CV1064 (RBW). In that case, Mr. Harris alleged that Barber had employed him and owed him money. Harris then subsequently sought to amend the complaint and alleged that Barber had committed legal malpractice in his representation of Harris. Barber settled the case for a nominal sum and Harris executed a release, releasing Barber from any and all claims known and unknown for all time. Specifically, the operative language of the Release stated as follows:

> ***In consideration of the obligations set forth above, Plaintiff*** (on behalf of himself, agents, servants, successors, heirs, executors, and administrators), ***does hereby forever irrevocably and unconditionally release and discharge Defendant*** (and his insurers, officers, agents, servants, employees, successors, heirs, executors, administrators, shareholders, regulators, assigns, and any subsidiary division or corporation owned in whole or part, or agent of said companies or entities) ***from all*** monetary debts, claims, demands, causes of actions, suits, dues, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, promises, interest, loss of wages, loss of earning capacity, and all ***liabilities of any kind or nature whatsoever, at law, in equity, or otherwise, known or unknown, which Plaintiff in any capacity ever had, now has, or may acquire at any time in the future, by reason of or in any way related to the former relationship between the parties***. (highlights added).[6]

---

[6] Defendant is in the process of trying to locate the original of this release, which has been placed in storage. Because this matter is now almost six years old, it is taking some time to locate the original releasing document.

In consideration of the execution of this release, and the nominal settlement paid, Harris then dismissed with prejudice all claims against Barber.  Because this release involved all claims that Harris could have raised against Barber related to their former attorney/client relationship, Harris is now precluded from raising such claims against Barber in the present litigation.

### 3. Plaintiff is Barred from Bringing this Action due to the Statute of Limitations

Finally, Defendant contends that Plaintiff has no standing to bring a cause of action against this Defendant for legal malpractice or conspiracy due to the fact that the statute of limitations has expired on such causes.  According to Harris, Barber represented Harris before the grand jury in 1998 or 1999.  Harris refused to testify and he alleges that he was held in contempt of court between January 1999 and May 2001.  Therefore the alleged malpractice had to have occurred during this period of representation.  There is a three year statute of limitations for malpractice.  Plaintiff should have raised this claim within three years of the alleged malpractice. He did not do so, and he is now barred from raising this claim now.   The case should be dismissed.

As to the civil conspiracy charges, Plaintiff again fails to allege any overt act by Barber, and does not even imply Barber engaged in any such act after Barber ceased representing the Plaintiff.  In *Lawrence v. Acree*, 665 F.2d 1319 (D.C. Cir. 1981), the Court of Appeals held that "the statute of limitations in a civil damages action for conspiracy runs separately from each overt act that is alleged to cause damage to the plaintiff."  Id. at 1324.  The last act that Barber is alleged to have committed occurred in 1999.  The statute of limitations thereby bars the bringing of this action nine or ten years later.  *See Barr v. Clinton*, 370 F.3d 1196 (D.C. Cir.

2004)(Plaintiff's conspiracy complaint against President Clinton was dismissed due to Plaintiff's failure to claim any overt act by Clinton within the statute of limitations).

For the above stated reasons, the complaint against Jensen Barber must be dismissed with prejudice.

Respectfully submitted,

\_\_/S/  Curt S. Hansen_____
CURT S. HANSEN, D.C. Bar 414782
Hansen & Associates, P.C.
419 7th St., N.W., Suite 201
Washington, D.C. 20004
(202) 638-6700
(202) 638-4279  Fax

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be mailed by first class mail, U.S. postage prepaid, to the following parties and/or counsel, this 3rd day of March, 2008:

Richard M. Harris
DC # 6687
Smithfield State Correctional Inst.
POB 999
Huntingdon, PA  16652

\_\_/S/  Curt S. Hansen_____

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | |
|---|---|
| RICHARD M. HARRIS,<br>    Plaintiff,<br>vs.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>    Defendant | Case No.  08-cv-113 EGS |

## ORDER

Upon consideration of Defendant Barber's Motion to Dismiss, and in consideration of any opposition filed thereto, it is this ___ day of _____, 2008 herein

ORDERED that the motion be and hereby is GRANTED; and it is further

ORDERED that the Complaint filed against Defendant Jensen E. Barber be dismissed with prejudice.

_____
JUDGE, U.S. DISTRICT COURT

cc:

Curt S. Hansen
Hansen & Associates, PC
419 7th ST., N.W., Suite 405
Washington, D.C. 20004

Richard M. Harris
DC # 6687
Smithfield Correctional Inst.
POB 999
Huntingdon, PA  16652