United States District Court for the District
Of Columbia - Civil Division

| | | |
|---|---|---|
| **Richard M. Harris, DS-6687,** | : | |
| Plaintiff | : | No. 1:08-cv-00113 |
| | : | |
| v. | : | (Judge Emmet G. Sullivan) |
| | : | |
| **U.S. Dept. of Justice, U.S. C.I.A.,** | : | |
| **Alberto Gonzales, Jack Kemp, John** | : | |
| **Doe 1, John Doe 2, Harry Sullivan,** | : | |
| **Eddie Sullivan, Derrick Kerby,** | : | (cmplnt. filed: 01-02-08) |
| **Tommy Zurita, Farid Rashid; Tracie** | : | |
| **Mitchell, Jensen Barber, Eugene** | : | Electronically Filed Document |
| **Jones,     C.O. Rakus, Gerald** | : | |
| **Gavin, William Wetzl, Mr. Kane,** | : | |
| **Edward Martin, Jeffrey Beard** | : | |
| Defendants | : | |

### BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS RAKUS, GAVIN, WETZL, KANE, MARTIN and BEARD

I. **FACTUAL BACKGROUND**

According to the complaint filed by the pro se plaintiff, plaintiff was an associate with a major crack cocaine kingpin and other criminals in the District of Columbia back in the 1980's.[1] After being sent to prison in 1987 on a robbery charge plaintiff was subpoenaed to testify before a grand jury concerning his

---

[1] Defendants are not in any manner conceding that any of these "facts" are true. Defendants must assume that all well pled facts in the complaint are true for the purposes of ruling on the current motion.

cohorts activities – which he refused to do. Although he refused to testify, his ex-associates, concerned about what testimony he may have given (and what testimony he may provide) plotted to intimidate him by having inmates assault him while in prison. In October 2000, while he was in a jail in the District of Columbia, various defendants arranged to have him stabbed.

In January 2007, while plaintiff was imprisoned at the Pennsylvania State Correctional Institute Mahanoy ("SCI-Mahanoy") plaintiff learned of another plot to have him stabbed. He notified a corrections officer of the plot (defendant C.O. Rakus) as well as Jeffery Beard (the Secretary of the Department of Corrections of Pennsylvania). Plaintiff was initially put in the Restrictive Housing Unit ("RHU") for protection but was later put back into general population. On January 31, 2007, plaintiff was assaulted by an inmate who had ties with his former associates. Plaintiff was then put back into the RHU.

After plaintiff's return to the RHU he tried to file numerous grievances. These grievances never reached defendant Martin (assistant to the superintendent of SCI-Mahanoy) because they were either destroyed by other officers or were never properly processed.

Plaintiff's claims against the Commonwealth defendants (defendants Rakus, Gavin, Wetzl, Kane, Martin, and Beard) are based on claims of "deliberate indifference" (by allowing the plaintiff to be assaulted by another inmate) and

interference with plaintiff's access to the courts (by interfering with his ability to properly exhaust his administrative remedies due to interfering with his ability to file grievances).

## II. RELEVENT PROCEDURAL HISTORY

Plaintiff filed this action on January 2, 2008. On March 3, 2008, the Commonwealth defendants filed a motion to dismiss. This brief is in support of the Commonwealth defendants' motion to dismiss.

## III. QUESTION PRESENTED

Does this Court lack personal jurisdiction over the plaintiff's claims as against the Commonwealth defendants?

Suggested Answer: Yes.

## IV. STANDARD OF REVIEW

The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (cites omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of a cause of action's elements will not do.  *See Bell Atlantic Corporation v. Twombly*, __ U.S. __; 127 S.Ct. 1955 (2007), *citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).

Furthermore, in determining whether an action should be dismissed under F.R.C.P. 12(b)(6), the court only looks at those facts as alleged in the complaint and need not accept assertions, presumptions, or legal conclusions.  *See Glenn v. Mataloni*, 2005 U.S. LEXIS 31579 (M.D. Pa. 2005); *citing Jordan v. Fox Rothchild, O'Brien, and Frankel*, 20 F.3d 1250, 1261 (3d Cir 1994), and *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Adams v. Teamsters Local*, 115, 2007 WL 142540, *7, No. 03-3680 (3d Cir. Jan. 22, 2007) (Simply pleading conclusory statements is insufficient).  Legal conclusions in the form of factual allegations and unsupported conclusions and/or inferences should be rejected by the court.  *See Cortes v. R.I. Enterprises, Inc.*, 95 F.Supp. 2d 255, 258 (M.D.Pa. 2000) (citations omitted).

### V.  PERSONAL JURISDICTION

Under Fed. Rule 12(b)(2) a defendant may be dismissed from a lawsuit if the defendant or the dispute concerning that defendant lacks sufficient "contacts" with the forum for the court to exercise personal jurisdiction over the defendant, and, thus, to require the defendant to travel into the forum to defend the lawsuit.

Furthermore, plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Georgacarakos v. Watts*, 2007 WL 1541501 (D.D.C. 2007), *slip op. attached*, * 1, *citing Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* However, plaintiff need only make a *prima facie* case to survive a motion to dismiss. *Id. citing First Chicago Int'l v. United Exch. Co.*, 836 F.2 1375, 1378 (D.C.Cir.1988).

The District of Columbia long-arm statute, D.C.Code § 13-423 is the only basis upon which personal jurisdiction may be exercised over defendants who do not reside within or maintain a place of business in the District. *Id. at *2*; *Se Reuber v. United States,* 750 F.2d 1039, 1040 (D.C.Cir.1984); *Robertson v. Merola,* 895 F.Supp. 1, 3 (D.C.C.1995). The long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or

soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(A)(1)-(4)(2006). *Id.*

Defendants are subject to personal jurisdiction in a forum if they purposely "establish minimal contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id. citing Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). For there to be personal jurisdiction under the long-arm statute, a plaintiff must allege some specific facts evincing purposeful activity by defendants in the District of Columbia, by which they invoked the benefits and protections of its laws, and specific acts connecting the defendants with the forum. *Id. citing Cellutech v. Centennial Cellualr Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994). A defendant must "reasonably anticipate" "being haled into" the plaintiff's chosen forum. *Id. citing World-Wide Volkswagen Corp. v. Woodson,* 444 u.s. 286, 297 (1980). Applying these legal precepts to the case at bar it is clear that the plaintiff's complaint fails to demonstrate that this Court has personal jurisdiction over the Commonwealth defendants in this matter.

As it relates to the Commonwealth defendants (those defendants who worked for the Pennsylvania Department of Corrections at all relevant times during the acts complained of) the complaint (in paragraphs 24-29) only alleges that these defendants are employed at the State Correctional Institution at Mahanoy located at

301 Morea Road, Frackville, Pennsylvania.[2] These allegations, in and of themselves, demonstrate a lack of personal jurisdiction over these defendants.

Furthermore, there are no allegations that any of the Commonwealth defendants have any connection with the District of Columbia. There are no allegations that they: (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) cause a tortuous injury in the District Columbia by any act or omission in the District; (4) caused a tortuous injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. Nor is there any indication that any of the Commonwealth defendants did anything directly, or indirectly, which would cause them to reasonably anticipate that they would be haled into court in the District of Columbia. Therefore, the Court also lacks personal jurisdiction over them based on the long-arm statute.

## V. PERSONAL JURISDICTION

Plaintiff's complaint fails to allege sufficient facts to establish that this Court has personal jurisdiction over the Commonwealth defendants and therefore they should be dismissed, with prejudice, from the action.

---

[2] Except for Commonwealth Jeffrey Beard, wherein it is alleged that he is employed at 2520 Lisburn Road, Camp Hill, Pennsylvania.

                                      Respectfully submitted,

                                      THOMAS W. CORBETT, JR.
                                      Attorney General

                            By:   *s/ Timothy P. Keating*
                                      TIMOTHY P. KEATING

Office of Attorney General        Senior Deputy Attorney General
15th Floor, Strawberry Square    Attorney ID 44874    ECF: Yes
Harrisburg, PA 17120
Phone: (717) 783-1471            SUSAN J. FORNEY
Fax:    (717) 772-4526            Chief Deputy Attorney General
tkeating@attorneygeneral.gov    Chief, Civil Litigation Section
Date: March 3, 2008

**United States District Court for the District
Of Columbia - Civil Division**

| | | |
|---|---|---|
| **Richard M. Harris, DS-6687,** | : | |
| **Plaintiff** | : | No. 1:08-cv-00113 |
| | : | |
| **v.** | : | (Judge Emmet G. Sullivan) |
| | : | |
| **U.S. Dept. of Justice, U.S. C.I.A.,** | : | |
| **Alberto Gonzales, Jack Kemp, John** | : | |
| **Doe 1, John Doe 2, Harry Sullivan,** | : | |
| **Eddie Sullivan, Derrick Kerby,** | : | (cmplnt. filed: 01-02-08) |
| **Tommy Zurita, Farid Rashid; Tracie** | : | |
| **Mitchell, Jensen Barber, Eugene** | : | **Electronically Filed Document** |
| **Jones, C.O. Rakus, Gerald** | : | |
| **Gavin, William Wetzl, Mr. Kane,** | : | |
| **Edward Martin, Jeffrey Beard** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Timothy P. Keating, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 3, 2008, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion to Dismiss by Defendants Rakus, Gavin, Wetzl, Kane, Martin and Beard by first class pre-paid postage on the following:

Richard Harris #DS-6607
SCI-Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, Pa.  16653

                                        **/s/ Timothy P. Keating**
                                        **TIMOTHY P. KEATING**
                                        **Senior Deputy Attorney General**

United States District Court for the District
Of Columbia - Civil Division

| | | |
|---|---|---|
| **Richard M. Harris, DS-6687,** | : | |
| Plaintiff | : | No. 1:08-cv-00113 |
| | : | |
| v. | : | (Judge Emmet G. Sullivan) |
| | : | |
| U.S. Dept. of Justice, U.S. C.I.A., | : | |
| Alberto Gonzales, Jack Kemp, | : | |
| John Doe 1, John Doe 2, Harry | : | |
| Sullivan, Eddie Sullivan, Derrick | : | (cmplnt. filed: 01-02-08) |
| Kerby, Tommy Zurita, Farid | : | |
| Rashid; Tracie Mitchell, Jensen | : | Electronically Filed Document |
| Barber, Eugene Jones,      C.O. | : | |
| Rakus, Gerald Gavin, William | : | |
| Wetzl, Mr. Kane, Edward | : | |
| Martin, Jeffrey Beard | | |
| Defendants | : | |

# APPENDIX A

**Appendix "A"**
**Slip Copy, 2007 WL 1541501 (D.D.C.)**
**Georgacarakos v. Watts**

Georgeacarakos v. Watts
D.D.C.,2007.
Only the Westlaw citation is currently available.Peter N. GEORGACARAKOS, Plaintiff,
v.
Harrell WATTS, et al., Defendants.
**Civil Action No. 06-1022 (JR).**

May 23, 2007.

Peter Georgacarakos, Florence, CO, pro se.
John F. Henault, Jr., United States Attorney's Office for D.C., Washington, DC, for Defendants.

*MEMORANDUM OPINION*

JAMES ROBERTSON, United States District Judge.

**\*1** Mr. Georgacarakos is a federal inmate proceeding *pro se.*He filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 404 U.S. 388 (1971), alleging that employees of the Bureau of Prisons ("BOP") violated his constitutional rights.[FN1]Pursuant to Fed.R.Civ.P. 12(b), defendants move to dismiss for **lack** of **personal jurisdiction**, improper venue, and insufficiency of process.

> FN1. The defendants are Harrell Watts, the National Inmate Appeals Coordinator, Michael Nalley, the Regional BOP Director for the North Central Region, Kansas City, Kansas, G.L. Herschberger, former Regional Director for the BOP's North Central Region, and the following employees at the United States Penitentiary in Florence, Colorado ("USPFlorence"): R. Wiley, Robert Hood, Heim, Javernick, and R. Martinez.

I. BACKGROUND

Plaintiff is incarcerated at USP-Florence. Am. Compl. at 2. He alleges that the BOP has discriminated against him based on his religion and improperly labeled him a "white supremacist." *Id.* at 5. As a result, he was forced to consume a Muslim diet and improperly kept in administrative maximum. *Id.* He also claims that BOP employees at USP-Florence obstructed his ability to do legal research and destroyed his papers in violation of the First Amendment.*Id.* at 6, 8.

According to plaintiff, the defendants changed his security classification, thus adding to his time in the prison's isolation unit, in violation of due process. *Id.* at 6-7.He was ordered to remain in isolation for years despite his depression and was forced to take

antidepressants to prevent him from committing suicide. *Id.* at 7. Plaintiff seeks damages and injunctive and declaratory relief. *Id.* at 26.

## II. STANDARD OF REVIEW

On a motion to dismiss, I must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.,* 132 F.3d 753, 761 (D.C.Cir.1997)."[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994)."Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."*Swierkiewicz v. Sorema,* 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

### A. **Personal Jurisdiction**

Defendants assert that this Court **lacks personal jurisdiction** over them. Plaintiff bears the burden of establishing **personal jurisdiction** over each defendant. *Atlantigas Corp. v. Nisource, Inc.,* 290 F.Supp.2d 34, 42 (D.D.C.2003). In order to meet his burden, plaintiff must allege specific facts on which **personal jurisdiction** can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate **personal jurisdiction** over any individual defendant. *Id.* However, plaintiff need only make a *prima facie* case for **personal jurisdiction** to survive a motion to dismiss. *First Chicago Int'l v. United Exch. Co.,* 836 F.2d 1375, 1378 (D.C.Cir.1988).

**\*2** In deciding a motion to dismiss for **lack** of **personal jurisdiction** under Fed.R.Civ.P. 12(b)(2), the court need not treat plaintiff's allegations as true. *Atlantigas Corp.,* 290 F.Supp.2d at 42. Rather, it may consider and weigh affidavits and other relevant matter in making the **jurisdictional** determination. *Id.* Hence, a court may consider materials outside the pleadings in ruling on a motion to dismiss for **lack** of **personal jurisdiction** .*Artis v. Greenspan,* 223 F.Supp.2d 149, 152 (D.D.C.2002).

The complaint does not list the addresses of the defendants, but states that Hood, Wiley, Smith, Helm, Martinez and Javernick are employed at USP-Florence in Colorado. Am. Compl. at 3-4. Defendant Watts is located at the BOP's headquarters in Washington, DC. *Id.* at 2. This fact by itself is insufficient to confer **personal jurisdiction** over a BOP official. *See Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C.Cir.1993). Defendants Nalley and Hershberger are or were employed at the BOP's regional office in Kansas. Am. Comp. at 2, 3-4. None of the defendants appears to reside in the District of Columbia and plaintiff has not made such a claim. Plaintiff therefore has not established **personal jurisdiction** based on residence in the District. The District of Columbia long-

arm statute, D.C.Code § 13-423 is the only basis upon which **personal jurisdiction** may be exercised over defendants who do not reside within or maintain a place of business in the District. *See Reuber v. United States, 750 F.2d 1039, 1040 (D.C.Cir.1984); Robertson v. Merola, 895 F.Supp. 1, 3 (D.D.C.1995).* The long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District. D.C.Code § 13-423(a)(1)-(4)(2006). Defendants are subject to personal jurisdiction in a forum if they purposely "establish minimal contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). For there to be personal jurisdiction under the long-arm statute, a plaintiff must allege some specific facts evincing purposeful activity by defendants in the District of Columbia, by which they invoked the benefits and protections of its laws, and specific acts connecting the defendants with the forum. *See Cellutech v. Centennial Cellular Corp.,* 871 F.Supp. 46, 48 (D.D.C.1994). A defendant must "reasonably anticipate" "being haled into" the plaintiff's chosen forum. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

**\*3** The complaint does not allege that any of the defendants transacted business in the District of Columbia or committed or caused a tortious injury here.<sup>FN2</sup>Therefore, the Court also **lacks personal jurisdiction** over the defendants based on the long-arm statute.

> FN2. The complaint does name defendant Watts who is employed in the District of Columbia. However, there is no allegation in the complaint that he was involved in the actions alleged by plaintiff. *Bivens* liability cannot be premised on a theory of respondeat superior. *Cameron,* 983 F.2d at 258;*Meyer v. Reno,* 911 F.Supp. 11, 15 (D.D.C.1996).

### B. Venue

Defendants also move to dismiss the complaint based on improper venue. In ruling on such a motion, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Darby v. U.S. Dep't of Energy,* 231 F.Supp.2d 274, 277 (D.D.C.2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.,* 148 F.Supp.2d 50, 54 (D.D.C.2001). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.,* 148 F.Supp.2d at 54. To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's assertion of venue. *Id.*

Venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b).*Cameron,* 983 F.2d at 257;*Freeman v. Fallin,* 254 F.Supp.2d 52, 57 (D.D.C.2003). Under that statute, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in

the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."28 U.S.C. § 1391(b). The purpose of venue statutes is to protect " 'a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.' " *Modaressi v. Vedadi,* 441 F.Supp.2d 51, 53 (D.D.C.2006) (quoting *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1576 (Fed.Cir.1990)).

The venue requirements are liberally interpreted in this district. *El-Bey v. United States,* No. 04-1231, 2004 WL 2418306, at *2 (D .D.C. Sept. 28, 2004). Venue is proper if the "activities that transpired in the forum district were not insubstantial in relation to the totality of the events" alleged by the plaintiff. *Lamont v. Haig,* 590 F.2d 1124, 1134 n. 62 (D.C.Cir.1978). Nevertheless, venue challenges should be examined carefully to ensure that a party is not manufacturing venue in the District of Columbia. *Cameron,* 983 F.2d at 256.

Venue is improper in this district because none of the federal defendants resides in the District of Columbia and none of the events relevant to this case occurred here.[FN3] Plaintiff's claims concern events that occurred at USP-Florence. This judicial district has no connection to the actions alleged by plaintiff. Based on the language of the statute and the relevant events of this case, the Court concludes that venue is not proper in this district.

> FN3. As stated above, defendant Watts is the only defendant with a connection to the District of Columbia, but he is not subject to liability on plaintiff's claim.

C. Insufficiency of Process

The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf,* 816 F.2d 746, 751 (D.C.Cir.1987). A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. *Barmes v. Nolan,* 123 Fed. Appx. 238, 249 (7th Cir.2005). Even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Clariett v. Rice,* No. 04-2250, 2005 WL 3211694, at *4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch,* 656 F.Supp. 237, 239 (D.D.C.1987).

**\*4** To properly serve a federal government employee in an official or individual capacity, a party is required to deliver a copy of the summons and complaint to (1) the officer or employee; (2) the United States Attorney for the district in which the action is brought; and (3) the Attorney General of the United States in Washington, DC. Fed.R.Civ.P. 4(i)(1). In addition to these requirements, if a federal employee is sued in his individual capacity, a copy of the summons and complaint must be delivered to the defendant personally or left at his "dwelling house or usual place of abode." Fed.R.Civ.P. 4(e) & 4(i)(2)(B). In a *Bivens* action, the defendants must be personally served as

individuals in order for a court to have jurisdiction over them.*Simpkins v. Dist. of Columbia Gov't,* 108 F.3d 366, 369 (D.C.Cir.1997). The failure to effect individual service is fatal to a *Bivens* claim. *Freeman v. Fallin,* 210 F.R.D. 255, 256 (D.D.C.2002); *Pollack v. Meese,* 737 F.Supp. 663, 666 (D.D.C.1990).

Because plaintiff is proceeding *in forma pauperis,* service of process was performed by the United States Marshal. *See* 28 U.S.C. § 1915(d). Since the complaint does not include the personal addresses of the defendants, the United States Marshal served the defendants at their place of employment. Defendants have not been served at their residences as required by Rule 4(e).

Plaintiff also has not complied with the time limits of Rule 4(m) of the Federal Rules of Civil Procedure. That rule provides that the summons and complaint must be served on a defendant within 120 days after the filing of the complaint or the court "shall dismiss the action without prejudice" as to that defendant. Fed.R.Civ.P. 4(m). However, courts "shall extend the time for an appropriate period" if the plaintiff shows "good cause" for failure to effect timely service. *Id.* The plaintiff bears the burden of showing good cause.*Byrd v. Dist. of Columbia,* 230 F.R.D. 56, 59 (D.D.C .2005); *Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 3 (D.D.C.2004).

More than 120 days have passed since the complaint was filed. Plaintiff has failed to demonstrate good cause for his failure to effect service in a timely manner. Ignorance of the rules of procedure does not constitute good cause.*Whitehead,* 221 F.R.D. at 3. Moreover, if any extension were to be granted by this Court, it is unlikely that plaintiff could remedy the defect in the service on defendants. Although *pro se* litigants are given more latitude than represented parties to correct defects in service of process, *see Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 875 (D.C.Cir.1993), this case has been pending for over eleven months and plaintiff has not provided to the Court the residential addresses of the defendants. Additional time will not assist plaintiff. Therefore, the claims against defendants are also subject to dismissal pursuant to Rules 4(e) and 4(m).

## IV. CONCLUSION

**\*5** Based on the foregoing, defendants' motion will be granted and the case dismissed. A separate order accompanies this Memorandum Opinion.

D.D.C.,2007.
Georgacarakos v. Watts
Slip Copy, 2007 WL 1541501 (D.D.C.)

END OF DOCUMENT