**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| RICHARD M. HARRIS,<br>   Plaintiff,<br>vs.<br>U.S. DEPARTMENT OF JUSTICE, et al.,<br>   Defendants | Case No.  08-cv-113 EGS |

**DEFENDANT JENSEN BARBER'S OPPOSITION TO MOTION
TO FILE RESPONSE UNDER SEAL**

Defendant Barber, by and through under signed counsel, opposes Plaintiff's Motion for Leave to File Response Under Seal.

In his motion, Plaintiff alleges that Defendant Barber participated in a conspiracy with "various individuals with ties to a large scale D.C. area narcotics ring . . . to orchestrate two violent attacks upon Plaintiff in retaliation for him having appeared before a grand jury of this Court." Plaintiff further alleges that Barber, while serving as the Plaintiff's attorney, revealed confidential attorney/client communication to the co-conspirators.

In his motion to dismiss, Barber argued that this case should be dismissed as to Barber for several reasons:  1) Plaintiff had executed a release in another case he had filed against Barber, releasing all claims and actions against Barber; 2) the complaint filed by Plaintiff is so devoid of facts and is so full of conflicting allegations that it fails to state a cause of action; and 3) any claim against Barber is time barred.

Plaintiff now seeks to file his response under seal because he does not want to reveal to the Defendants the confidential information he claims Barber had previously revealed. Plaintiff's motion is without merit. First, it is without question that in order to establish a case against Barber, Plaintiff will have to reveal the confidential information he claims that Barber had passed on to others. *See* generally, *Herbin* v. *Hoeffel*, 886 A.2d 507 (D.C. 2005)(summary judgment properly granted when Plaintiff failed to produce any evidence that Defendants disclosed confidential information of an attorney/client relationship.) Second, if this matter were to proceed forward past this preliminary stage, Defendant Barber may find it necessary to reveal privileged communications in order to defend himself from these charges. And, in so doing, Barber will not have violated any ethical rules because the Plaintiff has instituted this suit and made such communications an issue *sub judice*. *See* Rule Profesional Conduct 1.6(e)—Confidentiality of Information

> (e) A lawyer may use or reveal client confidences or secrets:
> (1) with the informed consent of the client;
> (2) (A) when permitted by these Rules or required by law or court order; and
>     (B) if a government lawyer, when permitted or authorized by law;
> (3) to the extent reasonably necessary to establish a defense to a criminal charge, disciplinary charge, or civil claim, formally instituted against the lawyer, based upon conduct in which the client was involved, or to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client;

Plaintiff has raised the issue as to whether Barber disclosed confidential information an essential part of this lawsuit. He has charged that Barber violated an ethical duty he had to Plaintiff and that as a result of this lapse, the Plaintiff suffered injuries. Plaintiff will now have to prove his case and has therefore waived the privilege that previously existed. *See Edmund J. Flynn Co. v. LaVay*, 431 A.2d 543, 551 (D.C.

1981). "Once a party has waived the attorney client privilege, the other party should receive access to the remaining relevant withheld materials."

If this matter were to proceed past this preliminary stage, Barber will need to learn the full extent of the confidential information he is alleged to have disclosed; he will need to query the other Defendants as to whether they had received such information, and if so, if they had received it from Barber; he will need to determine whether the information was confidential and whether its disclosure caused harm to the Plaintiff.  Barber will certainly be extremely prejudiced in the preparation of his defense if this evidence is placed under seal.

Plaintiff has made some wild accusations in his complaint, not least of which that former Attorney General Alberto Gonzalez, former Congressman Jack Kemp and attorney Jensen Barber formed a conspiracy with various drug kingpins in order silence Plaintiff from testifying before a grand jury and/or learn what Plaintiff testified before the grand jury.  This Court and these Defendants should not be forced to accept Plaintiff's bold and unsubstantiated allegations.  Plaintiff must be required to identify and reveal all facts he contends substantiate his claims.  The problem for Plaintiff is that he has no facts and he has no evidence.

                                              Respectfully submitted,

                                              __/S/  Curt S. Hansen_____
                                              CURT S. HANSEN, D.C. Bar 414782
                                              Hansen & Associates, P.C.
                                              419 7th St., N.W., Suite 201
                                              Washington, D.C. 20004
                                              (202) 638-6700
                                              (202) 638-4279  Fax

CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of the foregoing to be mailed by first class mail, U.S. postage prepaid, to Richard Harris, and served electronically upon the following parties and/or counsel, this 3rd day of March, 2008:

Richard M. Harris
DC # 6687
Smithfield State Correctional Inst.
POB 999
Huntingdon, PA  16652

Timothy P. Keating, Esq.
Senior Deputy Attorney General
Office of the Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

        /S/  Curt S. Hansen
      CURT S. HANSEN