UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD HARRIS, ) | |
| Plaintiff, ) | Civil Action No. 08-00113 (EGS) |
| v. ) | (ECF) |
| DEPARTMENT OF JUSTICE, et al., ) | |
| Defendants. ) | |

### FEDERAL DEFENDANTS' MOTION TO DISMISS

The United States Department of Justice, the Central Intelligence Agency, Alberto Gonzales, former Attorney General of the United States of America, and Jack Kemp, former Secretary of Housing and Urban Development (collectively "Federal Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss the complaint filed by Richard M. Harris, No. DS-6687 ("Plaintiff"). Pro se Plaintiff brings this action against Defendants and many other defendants seeking money damages for an alleged violation of his due process rights under the Fifth Amendment, a conspiracy in violation of 42 U.S.C. 1985(2) to prevent him from testifying before a grand jury and to violate the Privacy Act, 5 U.S.C. 552a, and the Federal Tort Claims Act.

Pro se Plaintiff will take note that if he fails to respond to this motion to dismiss, the Court may grant this motion and dismiss his case because of his failure to respond. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A proposed Order consistent with the relief sought herein is attached.

July 7, 2008                                  Respectfully submitted,

                                             _/s/_____
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney

                                             _/s/_____
                                             RUDOLPH CONTRERAS, D.C. BAR # 434122
                                             Assistant United States Attorney

                                             __/s/_____
                                             KENNETH ADEBONOJO
                                             Assistant United States Attorney
                                             Judiciary Center Building
                                             555 4th Street, N.W. – Civil Division
                                             Washington, D.C.  20530
                                             (202) 514-7157
                                             (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD HARRIS** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF JUSTICE, et al.,** )<br>)<br>Defendants. )<br>) | Civil Action No. 08-00113 (EGS)<br>(ECF) |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
OR IN THE ALTERNATIVE TRANSFER**

**I.   INTRODUCTION AND SUMMARY**

The United States Department of Justice ("DOJ"), the Central Intelligence Agency ("CIA"), Alberto Gonzales, former Attorney General of the United States of America, in his official and individual capacities, and Jack Kemp, former Secretary of Housing and Urban Development, in his individual capacity (collectively "Federal Defendants"), by and through the undersigned counsel, hereby respectfully move to dismiss Plaintiff's complaint. Richard M. Harris, pro se, No. DS-6687 ("Plaintiff") brings this action seeking damages for alleged violations of the Federal Tort Claims Act ("FTCA") and his privacy and due process rights. These allegations arise from an alleged conspiracy by Defendants, including Federal Defendants, to prevent Plaintiff from testifying before a grand jury about providing the name of a "hit man" to certain associates of renowned drug kingpin Rayful Edmond, III, who were standing trial at the time. Plaintiff also alleges an ongoing conspiracy to retaliate against him in prison. Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(5), and (b)(6).

## II.  BACKGROUND

Plaintiff is an inmate at Smithfield Correctional Institution, a Pennsylvania correctional facility, located in Huntington.  Plaintiff is serving a sentence of 20-40 years for the kidnaping and rape of a woman in Harrisburg on or about May 14, 1988.  In 1998, while still serving a sentence in Virginia, Plaintiff informed prison authorities that he had furnished the name of a potential "hit man" to the two defendants in a pending felony prosecution in the District of Columbia Superior Court, Tommy Ziruta and Farid Rashid.  United States of America v. Harris, 314 F.3d 608, 609 (D.C. Cir. 2002).  Both are also defendants in this action.[1]  Plaintiff apparently told prison officials that the criminal defendants planned to murder the complaining witness.  Id. The Government sought Plaintiff's cooperative testimony before the grand jury but Plaintiff refused to testify and was found in contempt.  The Circuit Court reversed.  Harris, supra, 314 F.3d at 612.

In a complaint filed in the Middle District of Pennsylvania on or about April 18, 2007, Plaintiff alleged that Federal Defendants and other defendants in this action conspired to keep him from testifying before a grand jury looking into defendants Ziruta and Rashid's illegal activities in violation of 42 U.S.C. 1985(2).  Harris v. United States of America, et al., 07-719 (ARC/KH), Docket Entry 1.  The Middle District sua sponte dismissed Plaintiff's complaint because Plaintiff failed to "set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain action of the alleged conspirators taken to achieve that

---

[1] Some of the other named defendants are alleged associates of Rayful Edmond: Eddie Sullivan; Derrick Kirby; Tommy Zurita; Farid Rashid; Michelle Carter; Plaintiff's spouse; Plaintiff's former attorney Jensen Barber; and certain named Pennsylvania Department of Corrections employees.

purpose." Docket Entry 6.[2]  However, the Middle District permitted Plaintiff to amend his complaint, which he did.  Docket Entry 7.  Ultimately, that action was transferred to this District, docket Entry 10, though it appears that Plaintiff filed a new complaint here.  Harris v. United States Dep't of Justice, et al., 08-113 (EGS), Docket Entry 1.

With regard to Federal Defendants in the instant action, Plaintiff raises the identical allegations and is "seeking monetary damages for physical and emotional injuries sustained by him as a result of a criminal and civil conspiracy between several current and/or former federal government employees and members of an inter-state narcotics distribution ring with ties to former D.C. area drug kingpins Rayful Edmond[,] III, Melvin Butler, and Tony Lewis."  Pl's Compl., Docket Entry 1 at ¶1.  He further alleges that Defendants conspired in violation of 18 U.S.C. §1503 and 42 U.S.C. §1985(2), to "deter[] him from freely and truthfully testifying before grand juries…and…retaliating against him for having appeared before those grand juries." Id., ¶2.  He claims that Federal Defendants violated his rights to due process, violated 42 U.S.C. 1985(2) as well as "various tort claims against [Federal Defendants] under the laws of the District of Columbia."  Id., ¶4.  Plaintiff alleges that Federal Defendant Kemp was among many of Edmond's associates.  Id., ¶32.

Plaintiff alleges "on information and belief," that the conspiracy to influence or prevent his testimony was started around May 1998, while he was incarcerated at the D.C. Jail, by

---

[2]  In that complaint, Plaintiff alleged that defendants "entered into a civil and criminal conspiracy…to deter Plaintiff by force, intimidation and/or threats, from testifying freely and truthfully in Federal Court concerning his knowledge [of] their participation in various criminal offenses."  Docket Entry 1.  Furthermore, "in furtherance of the…conspiracy, Defendants caused Plaintiff to be stabbed by an inmate while confined at the District of Columbia jail in 2000 and caused him to be assaulted by an inmate at SCI-Mahanoy on January 31, 2007." Id.

defendants "Kirby, Zurita, Rashid and Sullivan" and soon grew to include Federal Defendant Kemp. Id., at ¶45-50. Also "on information and belief," Plaintiff alleges that Federal Defendants Kemp and Gonzales "carried out various overt acts in furtherance of the objectives of the conspiracy." Id., ¶51. Regarding Federal Defendants, Plaintiff alleges that Kemp recruited defendants Carter and Mitchell by using his influence with District of Columbia housing agency to relocate those defendants to larger quarters. Id., ¶55. Again, "on information and belief," Plaintiff alleges that Federal Defendant Gonzales "utilized [his] official position with the DOJ…to unlawfully obtain and pass on to their co-conspirators confidential information concerning [Plaintiff] and his family" including "files of the Federal Bureau of Investigation," files from the United States Attorney for the District of Columbia, Government surveillance of Plaintiff, and an address book seized from Plaintiff by the FBI. Id., ¶63.

Plaintiff further alleges that, in or around October 2000, Defendants, including Federal Defendant Kemp, "arranged for [Plaintiff] to be threatened and stabbed by inmates" at the D.C. jail "and as a result, [Plaintiff] sustained serious and irreparable physical injury and emotional distress." Id., ¶68. In addition, in or around November 2006, Plaintiff alleges that Federal Defendant Kemp was involved in a plot to "lure [Plaintiff's] younger brother into a location where they would kidnap and kill or otherwise harm him." Id., ¶69. Plaintiff further alleges that Federal Defendant Kemp was involved in a January 31, 2007, assault on him while incarcerated at SCI-Mahanoy. Id., ¶70.

Regarding the DOJ and CIA, Plaintiff appears to be alleging claims under the FTCA against the DOJ and the CIA. Id., ¶¶9, 10. Specifically, Plaintiff alleges that the DOJ/FBI improperly authorized disclosure of his personal information in 1991, even "prior to the

4

formation of the conspiracy." Id. at ¶¶81, 86-92.  Plaintiff is seeking money damages to the tune of "$250,000, jointly and severally, against defendants DOJ, CIA, Alberto Gonzales, Jack Kemp" etc. Id., ¶115.

### III. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Comm. Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pled in the complaint.  Kowal, 16 F.3d at 1276.  Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id.

### IV. LEGAL ARGUMENT

**A.    Sovereign Immunity Bars Constitutional Claims Against the DOJ and CIA and Constitutional Claims against Defendant Gonzales in his Official Capacity**

"It is axiomatic that the United States may not be sued without its consent and that the

5

existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government...from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Congressional consent to suit, a waiver of the government's traditional immunity, must be explicit and is strictly construed.  Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).  Absent clear congressional consent to entertain a claim against the United States, a District Court lacks authority to grant relief.  United States v. Testan, 424 U.S. 392, 399 (1976).  "Sovereign immunity is jurisdictional in nature."  Meyer, supra, 510 U.S. at 475.

Although he seeks a recovery from DOJ, CIA, former Attorney General Alberto Gonzales in his official capacity, Plaintiff has not identified an applicable waiver of sovereign immunity for Plaintiff's constitutional claims.  Accordingly, the constitutional claims against the DOJ, CIA and former Attorney General Alberto Gonzales are precluded under the doctrine of sovereign immunity. To the extent that Plaintiff is suing Defendant Gonzales for constitutional violations in his official capacity, the claim is barred.  Monell v. Dep't of Social Security, 436 U.S. 658, 690 n.55 (1978); FDIC v. Meyer, supra.

**B.   Plaintiff's Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because this Court Lacks Personal Jurisdiction over Federal Defendants Kemp and Gonzales**

To the extent that Plaintiff alleges claims against Defendant Gonzales in his official and individual capacities and Defendant Kemp in his individual capacity also, there is no in personam jurisdiction because Plaintiff has not shown that these Defendants are residents of the District of Columbia.

6

### i. Plaintiff's Burden

Plaintiff bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in Edmond v. U.S. Postal Serv., 727 F. Supp. 7, 10 (D. D.C. 1989), aff'd in part and rev'd in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

Plaintiff has failed to carry his burden to plead jurisdictional facts because, although he alleges a conspiracy was formed here and carried out some of its objective here, he has failed to specifically allege a meeting of the minds in this jurisdiction. For example, Plaintiff has not pled any facts indicating that Defendants met at any location in this jurisdiction or that any documents substantiating his allegations can be found here. Instead, Plaintiff readily admits that Federal Defendants are "resident[s] of the State of Texas" and "the Commonwealth of Virginia" respectively.

## ii. D.C. Code §13-423, the "Long Arm" statute

In personam jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987). The District of Columbia exercises personal jurisdiction based upon the D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety . . . ; or
> (7) marital or parent and child relationship. . . .
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

In this case, Plaintiff could not establish proper in personam jurisdiction in this court under § 13-423. Crane 814 F.2d at 762. First, Plaintiff admits that neither Federal Defendant

8

resides in the District.  Pl's Compl., ¶¶11,12.

There is no <u>act</u> or <u>injury</u> that is actionable alleged to have been accomplished within the District of Columbia by Federal Defendants.[3]  Although it may appear that Plaintiff could establish jurisdiction by alleging that Federal Defendants' conduct caused tortious injury in the District of Columbia under sections (a)(3) and (a)(4), he has not pled any predicate facts that establish that the alleged conspiracy existed in the first place.  Plaintiff's complaint is completely devoid of facts indicating, for example, that Federal Defendants Kemp and/or Gonzales met with any of the other Defendants.  Plaintiff has not even presented a shred of evidence, like a document, to show that such a conspiracy existed.  Accordingly, it is meaningless that Plaintiff may allege in a conclusory manner that a stabbing at the D.C. jail was allegedly orchestrated by Defendants in order to establish tortious conduct in this district.  Therefore, the mere allegation that Plaintiff was stabbed while he was incarcerated in this jurisdiction between 1999 and 2001 is inadequate, by itself, to establish jurisdiction especially where Plaintiff has not pled any predicate facts that a conspiracy existed.

### iii. <u>In Personam Jurisdiction Requires "Minimum Contacts"</u>

In order for this District Court to have personal jurisdiction over a non-resident defendant, jurisdiction must be proper under both the District of Columbia long-arm statute and consistent with the demands of due process.  <u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995); <u>Crane v. Carr</u>, 814 F.2d 758, 762 (D.C. Cir. 1987).  "Since the District of Columbia's

---

[3] To the extent Plaintiff alleges that Federal Defendants caused him tortuous injuries while he was temporarily incarcerated in this jurisdiction in 1999-2000, those claims would be barred by the applicable statute of limitations.  This argument will be addressed in more detail in this memorandum.

long-arm statute has been held to extend as far as the Due Process Clause allows, Mouzavires v. Baxter, 434 A.2d 988 (D.C. 1981) (en banc), cert. denied, 455 U.S. 1006 (1982), personal jurisdiction exists when the defendant has purposely established minimum contacts with the forum state and when the exercise of jurisdiction comports with 'traditional notions of fair play and substantial justice.' Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987)." Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994). "Plaintiff's claim for relief must arise from the defendants' contacts with the District of Columbia and his 'claims must bear some relation to the acts in the District that are relied upon to confer personal jurisdiction.' [D.C. Code] § 13-423(b).  Bayles v. K-Mart Corp., 636 F. Supp. 852, 854 (D.D.C. 1986)." Id. at 502.

Again, the burden would be on the Plaintiff to establish that this Court could exercise personal jurisdiction over non-resident Federal Defendants consistent with the Due Process Clause. Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998). Plaintiff, in this case, has wholly failed to allege such facts, and the allegations against Federal Defendants Kemp and Gonzales do not establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court for the District of Columbia. The mere fact that Federal Defendants Kemp and Gonzales were the high officials of agencies that happen to be located in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. Cameron v. Thornburgh, 983 F.2d 235, 256 (D.C. Cir. 1993)[4]; James v. Reno, et al., No. 99-

---

[4] Although Cameron noted, in dicta, that a court could exercise jurisdiction over high-level officials who perform duties in this District, there was no dispute in that case that official policy determination could affect inmates, like plaintiff, remotely. In the instant matter, Plaintiff has not even pled prerequisite facts that could form the basis of an inference that a conspiracy existed in the first place. Therefore, Plaintiff is not entitled to an inference that sufficient minimum contacts exist to establish personal jurisdiction.

5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that some defendants were employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Here, Plaintiff fails to meet his burden of establishing proper in personam jurisdiction in this District under section 13-423. In addition, Plaintiff has failed to allege facts showing that the exercise of personal jurisdiction over the individual Federal Defendants would satisfy due process requirements. Consequently, the Court should dismiss any claims against Federal Defendants Kemp and Gonzales for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).[5]

### C. Plaintiff Has Not Perfected Service Against Individual Defendants

Federal Defendants have not been properly served with the complaint in accordance with the rules applicable to Defendants sued in their individual capacities. Simpkins v. District of

---

[5] To the extent that Plaintiff appears to allege a due process violation, Federal Defendants Kemp and Gonzales are former cabinet-level officials and supervisory personnel entitled to a defense under the doctrine of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993).

11

Columbia Gov't., 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, to the extent that a plaintiff attempts to pursue an action against federal employees in their individual capacities, the individually-sued defendant must be served with process in accordance with Fed. R. Civ. P. 4(e). Id. The Rule provides that service is effectuated by complying with the laws of the state in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

      The District Court will lack personal jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Enter. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (D.P.R. 1987).

      In this case, it appears that Plaintiff served Federal Defendants only at their former places of work. Docket Entry 11. Service at an individually-named defendant's place of employment is not proper service. Fed. R. Civ. P. 4(i)(2)(b). Because the record in this action is devoid of any evidence of proper personal service upon Federal Defendants in their individual capacities, to the extent the complaint can be construed to attempt to sue Federal Defendants Kemp and Gonzales

individually, this action cannot proceed and all claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

  **D. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    i. **Plaintiff's Claims are barred by Statutes of Limitation**

  Plaintiff's claims under 42 U.S.C. 1985(2) are barred by that provisions three-year statute of limitations. Barr v. Clinton, supra, 370 F.3d 1176, 1200 (D.C. Cir. 2004)(noting that "the statute of limitations in a civil damages action for conspiracy runs separately from each overt act that is alleged to cause damage to the plaintiff."). Since Plaintiff filed his complaint on January 18, 2008, only overt acts taken in furtherance of the alleged conspiracy after January 18, 2005, will not be barred by the statute of limitations. Of all Plaintiff's multitude of claims, only his allegation that Defendants attempted to kidnap and kill his brother and that he was assaulted while incarcerated in Pennsylvania appear not to be barred. Most of Plaintiff's claims arise from his incarceration for contempt in this jurisdiction in 1999 until 2001. Those incidents took place at least seven years before he filed suit.

  Similarly, Plaintiff's claims under the FTCA are barred by the applicable statute of limitations. The FTCA requires individuals asserting tort claims against the United States to present those claims to the appropriate agency and within two years of the events giving rise to the claims. Norman v. United States, 467 F.3d 773, 774 (D.C. Cir. 2006) (citing 28 U.S.C. §§ 2401(b), 2675(a)). Here, Plaintiff alleges that he filed administrative tort claims with both the DOJ and CIA on or about March 20, 2007. Pl's Compl., ¶71. Accordingly, if at all, the only claims that would be permissible under the two-year statute of limitations would have to have

13

occurred after March 20, 2005. In essence, only Plaintiff's allegation that Defendants sought to kidnap and kill his brother and that he was assaulted in the Pennsylvania prison where he is housed occurred after the March 20, 2005 date. Plaintiff's claims and allegations arising from his temporary incarceration in 1999-2001 are barred. Furthermore, Plaintiff's claims that personal information about him was improperly disclosed in or about 1991 is similarly untimely under the Privacy Act's two-year statute of limitations, 5 U.S.C. § 552a(g)(5). Chung v. DOJ, 333 F.3d 273 (D.C. Cir. 2003).[6] Plaintiff has pled no facts that could draw an inference that the statutes of limitations should not be applied as a matter of course.[7]

### ii. Plaintiff Fails to State a Claim under 42 U.S.C. §1985

Regarding his claims that arguably fall within the applicable statutes of limitations, Plaintiff fails to state a §1985 claim because he has not alleged "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Hicks v. Williams, 2006 U.S. App. Lexis 20423, *3 (D.C. Cir. 2006)(quoting Kush v. Rutledge, 460 U.S. 719, 725-26 (1983); Griffin v. Breckenridge, 403 U.S. 88, 91 (1971); Hoai v. Vo, 935 F.2d 308, 314 (D.C. Cir. 1991); McCord v. Bailey, 636 F.2d 606, 614 (D.C. Cir. 1980). Plaintiff has not alleged a race or class-based discriminatory reason behind his allegation that Federal Defendants conspired to prevent him from testifying truthfully before a grand jury.

---

[6] Besides, Federal Defendants Kemp and Gonzales are not a proper defendants under the Privacy Act so any Privacy Act claims against them should be dismissed. Fuller-Avent v. United States Prob. Off., 226 Fed. Appx. 1 (D.C. Cir. 2006).

[7] Unlike his FTCA claims that Plaintiff alleges he exhausted or attempted to exhaust, Plaintiff makes no similar plea regarding his Privacy Act claim. Plaintiff would have been required to exhaust those claims. McCready v. Nicholson, 465 F.3d 1 (D.C. Cir. 2006). Nor has Plaintiff alleged any facts or proof that would satisfy the intent or willfulness elements of his claims. Sussman v. United States Marshals Serv., 494 F.3d 1106 (D.C. Cir. 2007).

### iii. Plaintiff Fails to State a Claim Regarding Claims not Barred

Regarding his claims that are not barred by the statute of limitations, i.e. the claim that Defendants conspired to kidnap or kill his brother and that he was assaulted in the Pennsylvania prison where he is incarcerated, Plaintiff has again failed to state a claim under §1985 because he has not pled any facts that demonstrate a meeting of the minds amongst the Defendants.  In Knowlton v. Alouri, the court affirmed summary judgment because plaintiff's evidence fails to support his §1985(2) claim.  2000 U.S. App. Lexis 17999, at *2; (citing Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230-31 (10th Cir.1990) (affirming summary judgment where plaintiff failed to establish "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants"); see McCreary v. Heath, 2005 U.S. Dist. Lexis 34082, at *17-18 (D.D.C. 2005) (dismissing conspiracy claim where the "complaint fails to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants . . .").  Here, Plaintiff's complaint is bereft of any facts indicating any meetings by the alleged co-conspirators took place or that any documents substantiating his claims exist.  He merely states that "upon information and belief" a conspiracy existed.

### E. CONCLUSION

Upon the foregoing, Federal Defendants respectfully request that their motion be granted and that Plaintiff's complaint be dismissed with prejudice.[8]

---

[8] In the alternative, Federal Defendants request that the Court order Plaintiff to provide a more definite statement concerning the alleged acts Defendants Kemp and Gonzales took in furtherance of the conspiracy.  See, e.g., Crawford-El v. Britton, 523 U.S. 574,597-598 (1998).

July 7, 2008                                             Respectfully submitted,

                                                       __/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                       __/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                       __/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RICHARD HARRIS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08-00113 (EGS) |
| v. | ) (ECF) |
| | ) |
| **DEPARTMENT OF JUSTICE, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

UPON CONSIDERATION of the Federal Defendants' Motion To Dismiss Plaintiff's Complaint, support thereof, the grounds stated therefore and the entire record in this matter, it is by the Court this _____ day of _____, 2008, it is hereby

ORDERED that the said motion be and hereby is granted, and

FURTHER ORDERED that this case is dismissed with prejudice.

This is a final and appealable order.

_____
HON. EMMET G. SULLIVAN, U.S.D.J.

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
555 4th Street, N.W
Washington, D.C. 20530

Richard M. Harris
DC# 6687
Smithfield State Correctional Institute
POB 999
Huntingdon, PA 16652

## **CERTIFICATE OF SERVICE**

I certify that I caused copies of the foregoing Federal Defendants' Motion to Dismiss to be served by first class mail upon pro se plaintiff at:

Richard M. Harris
DC# 6687
Smithfield State Correctional Institute
POB 999
Huntingdon, PA 16652


on this 7th day of July, 2008

                                                       __/s/_____
                                                       KENNETH ADEBONOJO
                                                       Assistant United States Attorney